IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY TYRONE JACKSON,

    **Plaintiff,**

    v.                                                            CASE NO. 25-3090-JWL

ALEXANDER R. OWENS, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff and Kansas prisoner Anthony Tyrone Jackson brings this pro se civil rights action under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. (Doc. 7.) Plaintiff is in custody at the Lansing Correctional Facility (LCF) in Lansing, Kansas, but the events that led to this action occurred while he was housed at the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas. Plaintiff names as Defendants EDCF Correctional Officer Alexander R. Owens, EDCF Correctional Officer Sergeant 1 Philip C. Marley, and EDCF Unit Team Travis Reynolds. (Doc. 1, p. 1.)

The Court conducted the statutorily required screening of Plaintiff's complaint and, on June 2, 2025, issued a memorandum and order (M&O) identifying deficiencies in the complaint that leave portions of it subject to dismissal. (Doc. 8.) Specifically, the M&O informed Plaintiff that (1) Count I of the complaint did not comply with Rule 8 of the federal rules of civil procedure, *id.* at 6-8; (2) the portion of Count II that alleged unconstitutional retaliation by Defendant Reynolds and Count III, which alleged retaliation by Defendants Owens and Marley, failed to state a plausible claim for relief, *id.* at 8-11; (3) Plaintiff's request for compensatory damages was barred by 42 U.S.C. § 1997e(e), *id.* at 11-12; (4) his request for injunctive relief was mooted by his

1

transfer from EDCF to LCF, *id.* at 12-13; and (5) the Eleventh Amendment bars his claim for money damages against Defendants in their official capacities, *id.* at 13. The M&O concluded:

> [T]he only claims in the current complaint that survive the statutorily required screening of this matter are the claims in Count II that Defendants Owens and Marley violated Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment by conditioning his release from the programs room—which lacked basic amenities such as water, a toilet, and bedding and in which Plaintiff could not receive food-on [his] agreement to be housed in a cell with an inmate with whom Plaintiff had a history of verbal and physical altercations and with whom Defendants Owens and Marley knew Plaintiff felt unsafe.

*Id.* at 13-14.

The M&O granted Plaintiff time in which to show cause, in writing, why the Court should not dismiss Defendant Reynolds from this action, dismiss Counts I and III in their entirety, and dismiss Plaintiff's requests for injunctive relief, compensatory damages, and money damages from the remaining Defendants in their official capacities. *Id.* at 14. In the alternative, Plaintiff was granted permission to file a complete and proper amended complaint upon the required, court-approved form that cured the deficiencies discussed in the M&O. *Id.*

The deadline for compliance with the M&O was July 2, 2025. *Id.* at 15. As of the date of this order, Plaintiff has neither filed a response to the M&O nor filed an amended complaint. Accordingly, the Court will dismiss Defendant Reynolds from this action, it will dismiss Counts I and III in their entirety, and it will dismiss Plaintiff's requests for injunctive relief, compensatory damages, and money damages from Defendants Owens and Marley in their official capacities. The Court concludes that a responsive pleading is required from Defendants Owens and Marley regarding Count II, which is the only count that will remain in this matter. The Court will enter a separate e-service order directing service on Defendants Owens and Marley.

3

**IT IS THEREFORE ORDERED BY THE COURT** that Counts I and III of this matter are dismissed for failure to state a plausible claim on which relief can be granted.

**IT IS FURTHER ORDERED** that Defendant Reynolds is dismissed from this matter, as is the part of Count II that, liberally construed, contained a claim against Defendant Reynolds. Plaintiff's requests for injunctive relief, compensatory relief, and money damages from Defendants Owens and Marley in their official capacities are also dismissed. A separate e-service order will be entered regarding Defendants Owens and Marley.

**IT IS SO ORDERED**.

Dated July 9, 2025, in Kansas City, Kansas.

                                                   **S/ John W. Lungstrum**
                                                   **JOHN W. LUNGSTRUM**
                                                   **UNITED STATES DISTRICT JUDGE**