## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ANTHONY TYRONE JACKSON,**

**Plaintiff,**

**v.**

**ALEXANDAR R. OWENS, et al.,**

**Defendants.**

**Case No. 5:25-cv-3090-JMK-ADM**

### MEMORANDUM AND ORDER

This is a pro se civil rights action brought by Plaintiff Anthony Tyrone Jackson under 42 U.S.C. § 1983. Jackson seeks to recover damages against Defendants Alexandar Owens and Phillip Marley in their individual capacities based on actions occurring while Jackson was incarcerated at the El Dorado Correctional Facility (EDCF). Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(1) and (b)(6). The Court grants Defendants' motion under Rule 12(b)(6) and dismisses the Complaint because Jackson has failed to overcome the presumption that Defendants are entitled to qualified immunity.

### I.    BACKGROUND

Jackson alleges that between 7:00 and 8:00 p.m. on May 12, 2024, he was involved in an altercation with at least 28 other inmates at EDCF. Doc. 1 at 3. After the altercation, Jackson was confined to his cell in EDCF general population until the following morning around 10:00 or 11:00 a.m., when he was taken to the strip-out cages in B-1 cell house. *Id.* There, unnamed correctional officers told Jackson they intended to place him in a cell with another general population inmate with whom Jackson "had serious issues" and "verbal and physical altercations" in the past. *Id.* at 3–4, 6.

Jackson told correctional officers that he "did not get along with this inmate" and refused the officers' efforts to persuade him to accept the cell assignment. *Id.* at 4, 9. Jackson was then asked to "cuff up" and was escorted to the programs room. *Id.* at 4. The programs room contained only a desk and a stool; there was no running water, no toilet, no sleeping area, no mattress, and no bedding. *Id.*

After the second shift started, Jackson asked Defendant Owens when he would get his dinner. *Id.* at 9–10. Defendant Owens told Jackson that he could not eat or drink in the programs room, but that he could eat, drink, and use the toilet if he went to his assigned cell. *Id.* at 10. Jackson refused to return to his assigned cell and slept on the floor of the programs room until the third shift. *Id.* Jackson then spoke with Defendant Marley who also told Jackson that he could use the toilet or have water in his assigned cell. *Id.* Jackson again slept until he was woken around 8:00 or 9:00 a.m. to be escorted to a suicide cell. *Id.*

Based on these events, Jackson asserted EDCF officers: (1) violated his Fifth and Fourteenth Amendment due process rights; (2) violated his Eighth Amendment right to be free from cruel and unusual punishment by denying him access to basic amenities; and (3) retaliated against him in violation of the Eighth Amendment.

Because Jackson is a prisoner and proceeds without prepaying the filing fee, the Court screened his Complaint under 28 U.S.C. §§ 1915 and 1915A. Doc. 8. The Court ordered Jackson to show cause why certain counts and requests for relief in his Complaint should not be dismissed. *Id.* Jackson did not respond to the show cause order or amend his Complaint. The Court therefore dismissed Jackson's Fifth and Fourteenth Amendment claims, Jackson's claim that EDCF officers retaliated against him in violation of the Eighth Amendment, Jackson's request for compensatory damages, Jackson's request for injunctive relief, and Jackson's request for money damages against

EDCF officers in their official capacities. Doc. 9. All that remains is Jackson's claim against Defendants Owens and Marley, in their individual capacities, for punitive damages for violation of his Eighth Amendment right to be free from cruel and unusual punishment.

## II.    LEGAL STANDARD

A complaint survives a Rule 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it contains factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). A court accepts as true all well-pleaded allegations in the complaint but need not accept legal conclusions. *Id.*

Because Jackson proceeds pro se, the Court construes his pleadings liberally. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court holds Jackson to a less stringent standard than lawyers, but does not construct legal theories on his behalf or assume facts not pled. *Id.*

## III.    ANALYSIS

Defendants Owens and Marley move to dismiss Jackson's Eighth Amendment claim on the basis of qualified immunity.[1] Jackson asserts that Defendants Owens and Marley violated his

---

[1] Defendants also argue (1) § 1983 does not allow Jackson to seek injunctive relief against them in their individual capacities; (2) Jackson lacks standing to request injunctive relief; (3) Jackson's request for injunctive relief

right to be free from cruel and unusual punishment by requiring him to choose between remaining in a room which lacked water, a toilet, and bedding or a cell which housed an inmate with whom Jackson had "verbal and physical altercations" in the past. Defendants argue that they are entitled to qualified immunity because their alleged actions did not violate clearly established law of which reasonable state officials would have known. The Court concludes that qualified immunity bars Jackson's individual capacity claim.

Title 42 U.S.C. § 1983 provides in part that "[e]very person who, under color of any statute . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." But, "[p]ersons sued under § 1983 in their individual capacity may invoke the defense of qualified immunity." *Lakey v. Bryant*, --- F.4th ---, 2026 WL 1954565, at *7 (10th Cir. July 7, 2026) (quoting *Duda v. Elder*, 7 F.4th 899, 909 (10th Cir. 2021)). "When properly raised, 'this affirmative defense creates a presumption that the defendant is immune from suit.'" *Id.* (quoting *Sanchez v. Guzman*, 105 F.4th 1285, 1292 (10th Cir. 2024)). "Overcoming this presumption requires a plaintiff to show that '(1) the officers' alleged conduct violated a constitutional right, and (2) that right was clearly established at the time of the violation, such that every reasonable official would have understood, that such conduct constituted a violation of that right.'" *Id.* (quoting *Sanchez*, 105 F.4th at 1292).

On a motion to dismiss, the Court "must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendants' alleged misconduct." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th

---

is moot; and (4) Jackson is not entitled to compensatory damages under the Prison Litigation Reform Act, but the Court has already dismissed those requests for relief. Doc. 9 at 2–3; *see also* Doc. 8 at 13–14.

Cir. 2011)). The Court "may address the two prongs of the qualified-immunity analysis in either order," and if the plaintiff fails to establish either prong of the standard, the defendant prevails on the defense. *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019) (citation omitted). "The dispositive question is 'whether the violative nature of *particular* conduct is clearly established.'" *Wise v. Caffey*, 72 F.4th 1199, 1208 (10th Cir. 2023) (quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)).

It is settled law in the Tenth Circuit "that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Womble v. Chrisman*, 173 F.4th 1186, 1195 (10th Cir. 2026) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Id.* at 1195–96 (quoting *Farmer*, 511 U.S. at 832).

To allege constitutionally inadequate conditions under the Eighth Amendment, Jackson must allege (1) "conditions sufficiently serious so as to deprive [him] of the minimal civilized measure of life's necessities or conditions sufficiently serious so as to constitute a substantial risk of serious harm" and (2) that Defendants acted or failed to act with deliberate indifference to his health and safety. *Id.* at 1196 (quotation marks and internal citations omitted). And so, he must allege that Defendants "knew he faced a substantial risk of harm and disregarded that risk." *Id.* (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)). An inquiry into conditions of confinement "relies on the particular facts of each situation" and "the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (citation omitted). "While no single factor controls the outcome of these cases, the length of exposure to the conditions is often of prime importance." *Id.*

Jackson alleges that he was denied two meals, water, a toilet, and bedding during an approximately 24-hour period while he refused to enter a cell which housed an inmate with whom Jackson "had both verbal and physical altercations" in the past. Doc. 1 at 3–6. But, Jackson has not responded to Defendants' Motion to Dismiss or identified any cases establishing the unlawfulness of Defendants' conduct. *See Lakey*, 2026 WL 1954565, at \*7 ("To meet the second prong and show that the law was clearly established, the plaintiff can cite to 'either a Supreme Court or Tenth Circuit decision, or the weight of authority from other courts, existing at the time of the alleged violation.'"). By failing to file a responsive brief, Jackson cannot meet his qualified immunity burden. *Babakr v. Fowles*, 2023 WL 183837, at \*6 (D. Kan. Jan. 13, 2023) *aff'd*, 2024 WL 1479693 (10th Cir. Apr. 5, 2024); *see also Madlock v. Cruse*, 2026 WL 120179, at \*3 (D. Kan. Jan. 16, 2026) (collecting cases).

Had he responded, Jackson would have had a difficult time meeting his burden. Courts have repeatedly held that similar and worse conditions do not rise to a constitutional violation. *See, e.g.*, *Covalt v. Inmate Servs. Corp.*, 658 F. App'x 367, 369–70 (10th Cir. 2016) (unpublished) (concluding plaintiff did not allege sufficiently serious deprivation where, during a non-stop, seven-day journey, "he was prevented from sleeping for any significant period because he was handcuffed, sitting up, and surrounded by other passengers; he was given only three small cups of water each day, causing him headaches and other symptoms . . . bathroom breaks were five to six hours apart, causing him to urinate in his pants; his handcuffs prevented him from cleaning himself properly after defecating, causing him to develop a rash; he and the other passengers were not given the opportunity to shower or change their clothes, causing the van to smell bad . . . and the drivers did not intervene when he was harassed repeatedly by another passenger"); *Rucker v. Gilmore*, 2015 WL 506210, at \*7 (D. Kan. Feb. 6, 2015), *aff'd*, 631 F. App'x 517 (10th Cir. 2015)

(unpublished) ("Plaintiff's claims that Defendants left him naked for four hours, made him shower in ankle and belly chains, and gave him a mattress that was soaked in urine, are not sufficiently serious to constitute a violation of the Eighth Amendment."); *Turner v. Warden, GDCP*, 650 F. App'x 695, 702 (11th Cir. 2016) (concluding that deprivation of food for a 24-hour period where the plaintiff "was not regularly deprived of adequate nutrition and points to no evidence that his health was jeopardized due to this single deprivation" did not "rise to the level of cruel and unusual deprivations").

Although the Tenth Circuit has held that a plaintiff stated a claim for relief under the Eighth Amendment where he alleged he had been restrained with a stun belt, belly chains, handcuffs, and a box covering the handcuffs, which prevented access to food and water for more than 24 hours, the differences between that case and the facts here are constitutionally significant. *See Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010). The plaintiff in *Gee* was completely bound for over 24 hours and when he notified the defendants that he had been without food or water during that timeframe, one of the defendants told him that "he didn't care." *Id.* Here, Jackson was able to move freely in the programs room, was repeatedly offered the opportunity to return to his assigned cell, and missed only two meals. Jackson has failed to overcome the presumption that Defendants Owens and Marley are entitled to qualified immunity. Jackson's Complaint will be dismissed with prejudice. *Merryfield v. Howard*, 2023 WL 2682353, at *16 (D. Kan. Mar. 29, 2023) (citing *Clark v. Wilson*, 625 F.3d 686, 692 (10th Cir. 2010)).

## IV.    CONCLUSION

THE COURT THEREFORE ORDERS that Defendants' Motion to Dismiss (Doc. 17) is GRANTED. Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

This case is closed.

-8-

IT IS SO ORDERED.

Dated: July 14, 2026          s/ Jeffrey M. Kuhlman
                              JEFFREY M. KUHLMAN
                              UNITED STATES DISTRICT JUDGE